**STOTLER AND COMPANY,**
Plaintiff–Appellant–Appellee,

v.

**William J. ABLE,**
Defendant–Appellee–Appellant.

Nos. 87–2387, 87–2460.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 14, 1987.
Decided Jan. 22, 1988.

Tom Kolter, Jeffry M. Henderson, Chicago, Ill., for plaintiff-appellant/cross-appellee.

Gregory A. Friedman, Coffield, Ungaretti Harris & Slavin, Phillip M. Goldberg, Francis X. Grossi, Jr., Katten, Muchin & Zavis, Chicago, Ill., for defendant-appellee/cross-appellant.

Before POSNER, FLAUM, and EASTERBROOK, Circuit Judges.

POSNER, Circuit Judge.

William Able, appellee (and appellant in a separate appeal not affected by our action today), asked this court to dismiss the appeal of Stotler and Company on the ground that Stotler had failed to file a brief on time. The underlying dispute is between a commodity broker, Stotler, and a customer, Able, who allegedly owes Stotler money; Stotler's appeal is from the district court's denial of a motion for Rule 11 sanctions against Able. We denied the motion to dismiss the appeal, but then Able filed a motion for reconsideration which cast the facts in a somewhat different light, and Stotler has filed an answer to the motion; and these papers have persuaded us to grant the motion and dismiss the appeal. This is a substantial sanction, but it is merited in the unusual circumstances disclosed by these filings.

Stotler filed its brief on appeal on October 23, 1987. Able pointed out that the brief referred to evidence that had never been submitted to the district court. By order of November 6 the presiding judge of this panel directed the clerk to return the brief to Stotler so that it could be edited to remove such references. The order stated that the edited brief "shall be refiled with this court by [sic] no later than November 20, 1987." No brief was filed by November 20, and on November 23 Able moved to dismiss the appeal because of Stotler's failure to comply with our order. Stotler filed a short response, stating that it had never received either the order of November 6 or the brief that was supposed to be returned with it. Persuaded by this representation, on November 30 we denied the motion to dismiss the appeal and gave Stotler until December 11 to file a conforming brief. Able has asked us to reconsider this order. Meanwhile, December 11 came and went without Stotler's filing its revised brief.

Attached to Able's motion for reconsideration is an affidavit from his counsel, Gregory Friedman, in which Friedman states that on or about November 10, in a phone conversation with Jeffry Henderson (Stotler's counsel of record in the appeal), he informed Henderson of the court's November 6 order. The affidavit goes on to state that on November 20 Friedman's co-counsel, Phillip Goldberg, called Stotler's office to find out whether it was possible to pick up Stotler's edited brief rather than have to wait for it to be served by mail. Someone who claimed to speak for Henderson told

Goldberg that Stotler did not intend to file any brief that day.

In response to the motion for reconsideration, Henderson has submitted a statement (not attested) in which he acknowledges the phone conversation with Friedman on November 10 and says that, following the conversation, he searched his files to see whether he had received any order or brief from this court, and found nothing. He told the manager of Stotler's legal department to search around and see whether any such order or brief had been received, and she could find nothing either. That was the end of Henderson's exertions in the matter until December 1, when for the first time he read his client's opposition to the original motion to dismiss the appeal and discovered that his co-counsel, Thomas Kolter, had told this court that Stotler had received no notice of the November 6 order. Henderson says he never told Kolter about his conversation with Friedman, but he makes no reference to the Goldberg conversation, and there is no statement from Kolter and no affidavit from anyone. Henderson also does not respond to a statement in Friedman's affidavit that when Friedman and Goldberg called him on December 1 and asked him to correct Stotler's response to Able's motion to dismiss the appeal, in light of the telephone conversation of November 10, Henderson refused.

Henderson's handling of this matter is as unacceptable as it is difficult to understand. On or about November 10, in a conversation with Friedman that he does not deny took place, Henderson learned that several days earlier this court had ordered his client to file an edited brief by November 20. He searched about to see whether the order had arrived and when he couldn't find it he dropped the matter. It never occurred to him to call the clerk of this court. His failure to mention the conversation with Goldberg or the subsequent conversation with Friedman supports an inference that on November 20 and then again on December 1 he was reminded of the existence of the order of November 6—and did absolutely nothing on either occasion. He makes representations about his co-counsel's knowledge without attempting to back them up by an affidavit. He has submitted no affidavit of his own. His conduct shows a flagrant disregard for the orders of this court.

As matters stand, the appellant has failed to file a timely brief. This failure is culpable, and will not be excused. See *Community Coalition for Media Change v. FCC,* 646 F.2d 613, 616 and n. 3 (D.C.Cir. 1980); cf. *Gilroy v. Erie Lackawanna R.R.,* 421 F.2d 1321, 1323 (2d Cir.1970). Orders fixing the schedule for briefing an appeal must be obeyed if the business of the federal courts is to be conducted with appropriate dispatch, and we take violations of such orders seriously. See, e.g., *In re Harte,* 701 F.2d 62 (7th Cir.1983) (per curiam). The motion to reconsider our previous order is granted and the appeal is dismissed pursuant to Fed.R.App.P. 31(c).

The procedure in Seventh Circuit Rule 31(c)(2) for issuing a rule to show cause when a brief is not filed on time is intended for cases where no motion to dismiss has been filed and the court is acting on its own initiative. That procedure is therefore inapplicable here. A motion to dismiss, as filed in this case, is an adequate substitute for a rule to show cause; it places the appellant on notice that its appeal may be dismissed unless it comes forward with grounds excusing its late filing. The statement filed by the appellant in this case, far from excusing its late filing, establishes culpability.

When a sanction is imposed for misconduct in litigation there is often a question whether its brunt should properly be borne by the litigant or by his counsel. See, e.g., *Hill v. Norfolk & Western Ry.,* 814 F.2d 1192, 1201–03 (7th Cir.1987). Nothing in our opinion is intended to preclude Stotler from filing with this court, if Stotler wishes, a motion for leave to reinstate the appeal. Such a motion, to be granted, would have to (1) establish Stotler's lack of direct or indirect responsibility for the failure to comply with the order of this court setting a deadline for the filing of its replacement brief, and (2) propose an appro-

priate alternative sanction directed against counsel personally.

APPEAL DISMISSED.