**Oscar H. MATUTE, Appellant,**

v.

**PROCOAST NAVIGATION LTD.,
Maritime Services G.m.b.h.,
Appellees.**

No. 90–5362.

United States Court of Appeals,
Third Circuit.

Resubmitted Under Rule 12(6)
March 11, 1991.

Decided March 22, 1991.

Francis J. Dooley, Orange, N.J., for appellant.

George J. Koelzer, Clarkson S. Fisher, Jr., Ober, Kaler, Grimes & Shriver, Edison, N.J., for appellees.

Before COWEN, ALITO, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

This appeal presents two serious questions. The first is whether the district court had subject matter jurisdiction under the Jones Act, 46 U.S.C.App. § 688, of a suit brought for damages by Oscar H. Matute, a Honduran citizen, who was a crewmember of a vessel registered in the Republic of Cyprus. The ship was owned at the time of the alleged injury by a corporation whose officers, director, and stockholders were citizens and residents of West Germany. The alleged injury occurred outside the United States. The second question is whether the appellant's failure to follow the rules of this court constituted a jurisdictional bar to hear his appeal or, alternatively, whether this court in the exercise of its discretion should summarily dispose of the appeal by dismissal.

The district court granted the motion of the defendant, Procoast Navigation Ltd. (Procoast), to dismiss the suit for lack of subject matter jurisdiction because the points of contact of this dispute with the United States were minimal. We conclude that the district court did not err in dismissing the plaintiff's complaint for lack of subject matter jurisdiction and in denying the plaintiff's motion for reconsideration.

## I.

At the time of plaintiff's injury the vessel LLOYD BERMUDA was on regular liner service between Bermuda and Newark, New Jersey. According to an affidavit of the vessel's chief mate, Walter Gonzalez, Matute developed an eye irritation while employed on the LLOYD BERMUDA in 1986 which, because he failed to receive prompt medical attention, developed into a serious condition. In July 1987, Matute brought this action under the Jones Act against Procoast and another West German corporation, Maritime Services G.m.b.h., for damages arising out of his eye injury.

At Procoast's request, and with the consent of Matute, the suit was transferred from the United States District Court for the Southern District of New York to the United States District Court for the District of New Jersey, where, on November 30, 1989, the court dismissed the action against Procoast for lack of subject matter jurisdiction. In its memorandum order, the district court analyzed the contacts of this dispute with the United States and held that they were insufficient to establish jurisdiction under the Jones Act. The court declared:

> [T]he points of contact of this dispute with the United States are minimal, in that the law of the ship's flag is Cyprus; the allegiance of the injured seaman is Honduras; the allegiance of the ship owner is West German; other forums are available to the injured seaman; and the shipowner's base of operations is outside the United States. . . .

The district court might also have mentioned another factor which argued against jurisdiction: the injury occurred outside the United States on the high seas.

Following the dismissal, Matute filed a timely motion for reconsideration based largely on the submission of a new affida-

vit by Gonzalez claiming that Procoast had an agent acting on its behalf in the United States. The district court considered this new information, but nevertheless reaffirmed its earlier holding that contacts with the United States were too minimal to establish subject matter jurisdiction.

Following denial of his motion to reconsider, Matute timely filed a notice of appeal which stated in part:

> Please take notice that the plaintiff appeals from the Order of the Hon. Maryanne Trump Barry, U.S.D.J. denying plaintiff's Motion For Reconsideration filed on March 30, 1990 and docketed on April 4, 1990, which Order affirmed the Order Dismissal of November 30, 1989.

Procoast contends in its brief that this notice provided appellate jurisdiction only over the denial of the motion for reconsideration, but was insufficient to provide appellate jurisdiction over the original dismissal. Furthermore, Procoast maintains that Matute's brief and appendix were filed out of time and that the Clerk of this court denied Matute's motion to file them late.

## II.

### A. Failure to Designate Underlying Order

■ Obviously, counsel for appellant did not pay careful attention to the Federal Rules of Appellate Procedure and the rules of this court in several important respects. Rule 3(c) of the Federal Rules of Appellate Procedure designates the content of the Notice of Appeal, which "shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken.... An appeal shall not be dismissed for informality of form or title of the notice of appeal." Compliance with Federal Rules of Appellate Procedure 3 and 4, providing for the timely and proper filing of a notice of appeal, has been interpreted to be "mandatory and jurisdictional." *United States v. Robinson,* 361 U.S. 220, 224, 80 S.Ct. 282, 285, 4 L.Ed.2d 259 (1960). Here, Matute failed in his notice of appeal to designate that the order appealed from included the

original order of dismissal. He merely appealed from the order denying the motion for reconsideration. Therefore, Procoast argues that this failure does not raise on appeal the underlying order of dismissal.

This court has in the past liberally construed the content of notices of appeal and generally it has not interpreted them to bar an appeal unless the notice of appeal is so inadequate as to prejudice the opposing party. Thus, the court has held it proper to exercise appellate jurisdiction "over orders not specified in the notice of appeal if there is a connection between the specified and unspecified order, the intention to appeal the unspecified order is apparent and the opposing party is not prejudiced and has a full opportunity to brief the issue." *Williams v. Guzzardi,* 875 F.2d 46, 49 (3rd Cir.1989). *See also Drinkwater v. Union Carbide Corp.,* 904 F.2d 853, 858 (3rd Cir. 1990).

Thus, in *Williams,* this court held that the appellants' notice of appeal which specified only the trial court's post-judgment order dismissing their motion for judgment notwithstanding the verdict did not preclude an appellate court from considering the original order entering judgment against appellants. This holding is in accord with the United States Supreme Court which, in one case, reversed an appellate court for dismissing an appeal because the notice of appeal specified the denial of a motion for a new trial but did not specify the underlying judgment. *See State Farm Mutual Auto. Ins. Co. v. Palmer,* 225 F.2d 876 (9th Cir.1955), *rev'd* 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823 (1956). *See also Wheatley v. Beetar,* 637 F.2d 863 (2nd Cir. 1980) (filing of notice of appeal from an order denying a new trial rather than from the underlying judgment was harmless error). Moore's Federal Practice states:

> The rule is now well settled that a mistake in designating the judgment, or in designating the part appealed from if only a part is designated, should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake.

**630**

9 Moore's Federal Practice ¶ 203.18 at 3-76–77 (citations omitted).

Therefore, in the absence of a showing of prejudice by Procoast, it appears that Matute's mistake in failing to state specifically that he was appealing from the underlying dismissal should be viewed as harmless error and not a jurisdictional bar to his appeal. Indeed, Matute did *mention* the Order of Dismissal in his notice of appeal; the intent to appeal from that Order, thus, can be inferred fairly from the notice.

### B. Failure to Timely File Brief and Appendix

Rule 31 of the Federal Rules of Appellate Procedure provides that the appellant shall file a brief within 40 days after the date on which the record is filed. Failure to file a brief on time is not a *jurisdictional* bar to hearing the appeal. *Marcaida v. Rascoe,* 569 F.2d 828 (5th Cir. 1978). However, failure to file a brief on time may provide the cause for summary disposition of the appeal in *the court's discretion.* This court's Rules provide sanctions for a party's failure to adhere to the Federal Rules of Appellate Procedure, including Rule 31 providing for the timely filing of briefs. Appropriate sanctions may include "dismissal of the appeal, imposition of costs or disciplinary sanctions upon counsel." Third Circuit Rule 21(4). *See Spartacus, Inc. v. Borough of McKees Rocks,* 694 F.2d 947, 951 (3rd Cir.1982) (Garth, J., dissenting) (Rule 21(4) permits dismissal of an appeal when adherence has not been had to this court's established procedures).[1]

In the instant case, Matute's brief was due initially on June 26, 1990. The Clerk of the Court informs us that she received a request for an extension of time and in response extended the filing time to July 17, 1990. However, counsel for the appellant failed to file his brief during this extended period and instead, on July 18, 1990, submitted another motion for an extension of time. The docket sheet shows that the Clerk granted this second motion for extension of time until July 30, 1990; however, the Clerk warned appellant that no further extensions would be granted beyond that date. Counsel submitted a third request on August 2, 1990, for an extension of time until August 6, 1990 to file his brief. According to the docket sheet, the Acting Clerk extended the filing date until August 6, 1990, but notified appellant that if his brief was not filed by that date, the case would be dismissed; counsel again failed to submit his brief in time. On August 21, 1990, almost two months after the initial filing date, counsel for Matute filed his brief and simultaneously moved for permission to file his brief out of time, which motion was denied.

In *Kushner v. Winterthur Swiss Insurance Co.,* 620 F.2d 404 (3rd Cir.1980), we took great pains to inform the bar of the importance and necessity of complying with court rules respecting the content and filing of briefs. In that case, we expressed our reluctance to dismiss an appeal for failure to comply with rules of court but we made the importance of compliance very clear. We noted that we would not expend valuable judicial time in performing the work of errant counsel with respect to the failure to properly prepare the contents of briefs and appendices. We therefore dismissed the appeal for failure to file an appendix that conformed to the rules of court and specifically gave notice that the failure "to observe the Federal Rules of Appellate Procedure and the rules of this court may also result in dismissal of appeals." *Id.* at 407. Although that case dealt with disregard of the court rule relating to the content of the brief and appendix, the rule and its reasons apply with

---

1. *See also, In re Universal Minerals, Inc.,* 755 F.2d 309, 313 (3rd Cir.1985) (unprofessional conduct of appellant's counsel in failing to respond to this court's repeated inquiries required dismissal); *Brooks v. Fitch,* 642 F.2d 46, 48 (3rd Cir.1981) (failure to state in appeal brief the basis for appellate jurisdiction and the standard of review in violation of Rule 21 alone justified dismissal of the appeal). Furthermore, other courts of appeal have dismissed appeals for the precise conduct at issue here, failure to file a brief on time. *See, e.g., Julien v. Zeringue,* 864 F.2d 1572, 1574 (Fed.Cir.) *cert. denied* — U.S. —, 110 S.Ct. 276, 107 L.Ed.2d 256 (1989); *Barber v. American Security Bank,* 841 F.2d 1159 (D.C.Cir.1988); *Stotler and Company v. Able,* 837 F.2d 1425 (7th Cir.1988).

equal, if not greater, force to the failure to file timely a brief and appendix.

In *Winterthur* we explained the practical reasons for the court's action and the jurisprudential justification for the decision. Our Rules, which have been in effect since September 1, 1978, were designed to enable this court to process effectively and judiciously an ever-increasing workload. Since the passage of our Rules, the number of appeals filed per judge has swelled dramatically. In 1979, this court, consisting of nine active judges, decided 1,702 appeals.[2] In the year ending June 30, 1990, this court, with twelve active judges considered 2,943 appeals, a significant increase in filings per judge.[3] Thus, the pragmatic considerations which motivated this court's dismissal of the appeal in *Winterthur* are even more compelling in 1991. Our ongoing efforts to provide speedy and just dispositions of all appeals for every litigant are hindered by a party which fails to abide by our rules for the timely filing of briefs and appendices.

As noted in *Winterthur*, jurisprudential considerations also justify dismissing an appeal where the appellate rules have not been observed. There, we stated,

> Each appellant in this court must of necessity allege that the district court violated some rule of substantive or procedural law.... The litigant, then, who charges that the rules were not followed in the district court should himself follow the rules when he applies for relief in this court. Sauce for the goose is sauce for the gander.

*Winterthur*, 620 F.2d at 407. Thus, the principle of consistent and mutual respect for the supremacy of rules in our system of law counsels for sanctions against a participant who fails to abide by those rules without good cause.

■ Dismissal of an appeal will not be appropriate in every case of an untimely filing, but a showing of "extraordinary and compelling circumstances" may give the court cause to excuse the violation. *Barber v. American Security Bank*, 841 F.2d 1159, 1160 (D.C.Cir.1988). Here, counsel for Matute has brought to our attention in a petition for rehearing extraordinary and compelling personal circumstances excusing his neglect in failing to file on time; namely, serious injuries to his son while on sea duty with the United States Merchant Marines and the hospitalization of both his wife and son during the 40–day period for preparing his brief and appendix. Thus, we will not dismiss Matute's appeal for counsel's failure to file his brief on time.

### III.

■ Although we do not dismiss this appeal on procedural grounds, we nevertheless affirm the district court's dismissal of the complaint for lack of subject matter jurisdiction. In rejecting Matute's motion for reconsideration and in dismissing his claim under the Jones Act the district court considered each of the factors announced in the *Lauritzen-Romero-Rhoditis* triad.[4] Subject matter jurisdiction in the district court existed only if Matute's claim fell within the Jones Act because he had not made a claim under the General Maritime Law of the United States. The district court considered the seven factors originally announced in the *Lauritzen* case and weighed each factor "in light of the national interests served by the assertion of Jones Act jurisdiction." *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970). The factors announced in *Lauritzen* were: (1) the place of injury, (2) the country of the ship's flag, (3) the allegiance or the domicile of the injured seaman, (4) the allegiance of the shipowner, (5) where the shipping articles were signed, (6) the inaccessibility of a foreign forum, and (7) the law of the forum. *Lauritzen*, 345 U.S. at 583–591, 73

---

2. Table X–6, "Appeals Commenced in the U.S. Courts of Appeals," Annual Report of the Director, Administrative Office of the United States Courts, at A–174 (1979).

3. "1990 Federal Court Management Statistics," Annual Report of the Director, Administrative Office of the United States Courts, at 8 (1990).

4. *Lauritzen v. Larsen*, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953); *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970).

S.Ct. at 928–933. *Rhoditis* added an eighth factor: the location of the defendant's "base of operations." The factors are not to be weighed equally.

This court exercises plenary review of a district court's decision to dismiss a complaint for lack of subject matter jurisdiction. *York Bank and Trust v. Federal Savings and Loan Ins. Corp.*, 851 F.2d 637, 638 (3rd Cir.1988). We have reviewed the district court's analysis of each element and the weight to be given each of the factors in the *Lauritzen-Romero-Rhoditis* equation. We have also considered as well Matute's effort to extend the *Rhoditis* factor to take into account the LLOYD BERMUDA's weekly visits to the United States. We conclude that the district court correctly held that the plaintiff has not met his burden of proving jurisdiction under the Jones Act, *Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir.), *cert. denied*, 474 U.S. 945, 106 S.Ct. 311, 88 L.Ed.2d 288 (1985), and that the district court properly dismissed the action for lack of subject matter jurisdiction.

### IV.

Thus, the judgment of the district court dismissing Matute's action will be affirmed.