972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David H. McGEE; Rachel M. McFerren; Lynn Wilde,
Plaintiffs-Appellants,
v.
Dale WHITECOTTEN, individually and as Sheriff of LeFlore
County, Oklahoma; Charlie Clouse; Carrell
Vaughn; Harlan Vinson, as County
Commissioners of LeFlore
County, Oklahoma,
Defendants-
Appellees.
 No. 91-7078.
 United States Court of Appeals, Tenth Circuit.
 July 29, 1992.
 
 Before JOHN P. MOORE, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs purport to appeal from two orders of the district court entered March 1, 1991, one dismissing their action with prejudice and the other denying their motion to compel discovery. Because we find Plaintiffs' appeal from the order of dismissal is properly before this court and the district court lacked jurisdiction for the dismissal, we reverse and remand with instructions. Because Plaintiffs did not designate the order denying their motion to compel in their notice of appeal, however, that issue is not properly before this court, and we dismiss it.
 
 
 3
 Plaintiffs filed this action on August 13, 1990, alleging violations of their civil rights under 42 U.S.C. §§ 1983 and 1988. The scheduling order established December 7 and 10, 1990, as the cutoff dates for discovery and motions, respectively. Plaintiffs moved for an extension of discovery on December 13, 1990, and filed a motion to compel discovery on January 14, 1991. Both motions were denied. Defendants filed a motion for summary judgment on December 10, which was denied on February 13, 1991.
 
 
 4
 The parties were ordered to file a pretrial order by January 24, 1991. They did not do so, and the court set a show cause hearing for February 4 for the parties to explain why the case should not be dismissed. At the hearing, the court chose not to dismiss the case and ordered the parties to file the pretrial order by February 7. They did, but the court was not satisfied with it and held a second show cause hearing on February 21 for the parties to explain why numerous items the court considered irrelevant were included in it. On February 27, the parties presented a revised Agreed Pretrial Order. On March 1, 1991, the court entered orders rejecting the proposed Agreed Pretrial Order and dismissing Plaintiffs' cause of action for failure to state a claim upon which relief can be granted. Plaintiffs filed a motion to amend or alter the judgment of dismissal, which was denied.
 
 
 5
 * Plaintiffs raise two issues: first, that dismissal with prejudice was improper; and, second, that they were unfairly limited in discovery. Defendants argue that these issues are not properly before this court because Plaintiffs did not name the order of dismissal or the order denying their motion to compel discovery in their notice of appeal; rather, Plaintiffs designated their appeal as from the denial of their "motion to reconsider." (In fact, there was no motion styled "Motion to Reconsider"; Plaintiffs filed a motion styled "Motion to Amend or Alter the Order of Dismissal" under Fed.R.Civ.P. 59(e) after the court entered its order of dismissal. It amounts to the same thing.) This defect is fatal to review of the discovery problem, but not to review of the dismissal.
 
 
 6
 Federal Rule of Appellate Procedure 3(c) states in part: "The notice of appeal ... shall designate the judgment, order or part thereof appealed from." This part of Rule 3(c) is not read hypertechnically, however, when a party designates appeal from a post-judgment order. If it is clear the party intended to appeal from the final judgment and the opposing party was not misled or prejudiced by the technical defect that a motion to reconsider was designated in the notice of appeal, the reviewing court may treat the appeal as taken from the final judgment. Matute v. Procoast Navigation Ltd., 928 F.2d 627, 629-630 (3d. Cir.), cert. denied, 112 S.Ct. 329 (1991); see also Grubb v. FDIC, 868 F.2d 1151, 1154 n. 4 (10th Cir.1989) (appeal from denial of motion for judgment notwithstanding the verdict or for new trial raises underlying final judgment for review).
 
 
 7
 In this case, Plaintiffs clearly intended to appeal from the dismissal with prejudice of their action: the dismissal with prejudice was what their Motion to Amend or Alter was aimed at. And, clearly, Defendants were not misled or prejudiced by Plaintiffs' designation of a "motion to reconsider" in the notice of appeal, because Defendants briefed issues surrounding the dismissal. Plaintiffs' appeal from the order of dismissal is therefore properly before this court.
 
 
 8
 The same cannot be said for the appeal from the district court's order denying Plaintiffs' motion to compel discovery. That order is not designated in the notice of appeal and is not implicated by the order which is designated. This part of Plaintiffs' appeal is therefore dismissed.
 
 II
 
 9
 The district court, on the eve of trial and on its own motion, dismissed Plaintiffs' action for the failure of the Agreed Pretrial Order and the complaint to state a claim upon which relief can be granted. The court's order does not set out adequate authority for the dismissal, and we find none. Indeed, we are hard-pressed to imagine how the court could find Plaintiffs' complaint failed to state a claim after denying Defendants' motion for summary judgment.
 
 
 10
 Although the language of the court's order implies its reliance on Fed.R.Civ.P. 12(b)(6), that Rule does not provide a basis for dismissal as a sanction against a party. And, although a local district court rule may require counsel to draft a proposed pretrial order, the ultimate responsibility for the pretrial order lies with the district court, not with counsel. Fed.R.Civ.P. 16(e). Dismissal of Plaintiffs' action because the court finds counsel's proposed pretrial order to be inadequate is therefore an inappropriate sanction not supported by Fed.R.Civ.P. 16(f). The court's proper recourse when it finds the proposed pretrial order to be inadequate is to redraft it or order counsel to do so.
 
 CONCLUSION
 
 11
 The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the case is REMANDED with instructions that the court vacate its order of dismissal entered March 1, 1991.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3