

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-1994

# Neely v. ClubMed

Precedential or Non-Precedential:

Docket 93-2069

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"Neely v. ClubMed" (1994). *1994 Decisions*. Paper 189.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/189

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


Nos. 93-2069 and 93-2102


EILEEN ANNE NEELY,

                    Appellant in No. 93-2069

                         v.

CLUB MED MANAGEMENT SERVICES, INC.; CLUB MED SALES, INC.;
       CLUB MED, INC., Third-Party Plaintiffs;
         HOLIDAY VILLAGE (ST. LUCIA), LTD.

                         v.

               JOSEPH LEMAIRE,

                    Third-Party Defendant

       Club Med Management Services, Inc. and
         Holiday Village (St. Lucia) Inc.,

                    Appellants in No. 93-2102


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 91-cv-07416)


Argued August 8, 1994

Before:  MANSMANN, COWEN and McKEE,
         Circuit Judges

(Filed  November 15, 1994                  )


M. Kelly Tillery (argued)
Michael V. Tinari
Leonard, Tillery & Davison
1515 Market Street

18th Floor
Philadelphia, PA  19102

          Counsel for Eileen Anne Neely

Bettina B. Plevan (argued)
Proskauer, Rose, Goetz & Mendelsohn
1585 Broadway
New York, NY  10036

          Counsel for Club Med Management
          Services, Inc.; Club Med, Inc.; Holiday
          Village (St. Lucia), Ltd.

Louis Bell
Marshall, Dennehey, Warner,
 Coleman & Goggin
1845 Walnut Street
Philadelphia, PA  19103

          Counsel for Club Med Management
          Services, Inc.; Holiday Village,
          (St. Lucia) Ltd.


                OPINION OF THE COURT



COWEN, Circuit Judge.

          This personal injury action was filed with the United

States District Court for the Eastern District of Pennsylvania

under the Jones Act, 46 U.S.C. § 688, and the General Maritime

Law of the United States.  The plaintiff was a scuba diving

instructor who received injuries from a diving accident that took

place in the coastal waters of St. Lucia.  On motion by the

defendants,[1] the district court reduced the verdict in favor of

_____
[1].  Defendants in this action are:  Club Med Management Services,
Inc.; Club Med Sales, Inc.; Club Med, Inc. (collectively "Club
Med"); and Holiday Village (St. Lucia), Ltd.

the plaintiff on the theory that the plaintiff was contributorily negligent. In this appeal, the plaintiff contends the district court improperly reduced the jury verdict. In a cross-appeal, the defendants challenge the order of the district court denying their motion to dismiss the complaint for lack of subject matter jurisdiction. Because we will reverse the order of the district court which concluded there was subject matter jurisdiction, we need not address plaintiff's appeal regarding the reduction of the jury verdict.

## I.

### A. Factual Background

Plaintiff Eileen Neely ("Neely") applied for a position as a scuba diving instructor with Club Med after vacationing at one of their resorts. Neely traveled to New York City to interview with Club Med. During a subsequent telephone call to her home in Pennsylvania from Club Med in New York City, Neely was offered a position at the Club Med resort, Holiday Village (St. Lucia) Ltd.

In May of 1991, Neely began work at the Holiday Village as a scuba diving instructor. On May 23, 1991, the vessel Long John, a diving boat used by Holiday Village for diving excursions, left the resort area for a group dive. On board the vessel was Neely (who was acting in her capacity as a dive instructor), another dive instructor, the Dive Master, the captain, and a number of Club Med guests. As they neared the dive sight, the captain slowed the forward direction of the boat,

and put the engines in neutral.  He did not shut off the engines. The guests were instructed to put on their diving gear and await the signal from the Dive Master before entering the water.

What happened next remains in dispute.  Neely claims that she received the "O.K." signal from the Dive Master, and entered the water.  Defendants insist that the signal was never given, and Neely entered the water prematurely from the stern and without authorization.  In any event, while (unknown to the captain of the Long John) Neely was in the water, the captain shifted the engines from neutral to reverse.  The churning propellers of the twin 350 horsepower diesel engines sucked her under the boat and into the ship's propellers.  Seconds later, she reappeared on the starboard side of the boat and was rescued by the other dive instructor.  Neely sustained multiple severe injuries to various parts of her body.

## B. Procedural Background

Plaintiff Neely is a United States citizen who resides in Pennsylvania.  Defendant Club Med Management Services, Inc., is organized under the laws of New York State; Club Med Sales, Inc., under the laws of the State of Delaware; Club Med, Inc., under the laws of the Cayman Islands; and Holiday Village (St. Lucia), Ltd., under the laws of St. Lucia.

Neely filed suit in the United States District Court for the Eastern District of Pennsylvania under the Jones Act, 46 U.S.C. § 688, and the General Maritime Law of the United States. The defendants filed a motion to dismiss for lack of subject

matter jurisdiction, which was denied by the district court. The case proceeded to trial and the jury awarded the plaintiff $545,000.00 in damages. After factoring in the percentage of contributory negligence which was determined by the jury on the Jones Act count of the complaint, the district court entered judgment for the plaintiff in the amount of $229,700.00. These appeals followed. We have jurisdiction over the appeal and cross-appeal, which were taken after a final judgment was entered by the district court, pursuant to 28 U.S.C. § 1291 (1988).

## II.

Defendants argue that the district court lacked subject matter jurisdiction over plaintiff's complaint alleging claims under the Jones Act and General Maritime Law. We exercise plenary review, and thus employ the same standard that the district court used to determine whether subject matter jurisdiction properly lies in the district court:

> [A] court reviewing a claim to Jones Act coverage should determine the substantiality of the links to the United States and the links to the foreign sovereignty. This process is undertaken in order to discern in whose "domain" the paramount interest lies. Under certain circumstances the Jones Act may be far-reaching. However, when the links to the United States are weak and the interests of another sovereign are substantial, the Jones Act is not applicable.

Chirinos de Alvarez v. Creole Petroleum Corp., 613 F.2d 1240, 1246 (3d Cir. 1980)(citation omitted). As the party who invoked the jurisdiction of the district court, Neely bears the burden of

proving subject matter jurisdiction when put in issue by the defendants and where there are disputed jurisdictional facts. Matute v. Procoast Navigation Ltd., 928 F.2d 627, 632 (3d Cir.), cert. denied, 112 S. Ct. 329 (1991). See also Trentacosta v. Frontier Pacific Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987)("[t]he party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction . . . .").

The district court correctly found that resolution of the jurisdictional issue turned on the application of the eight factor test set forth by the Supreme Court in Lauritzen v. Larsen, 345 U.S. 571, 73 S. Ct. 921 (1953), and Hellenic Lines Ltd. v. Rhoditis, 398 U.S. 306, 90 S. Ct. 1731 (1970). Neely v. Club Med Sales, Inc., No. 91-7416, 1992 WL 398378, at *2-3 (E.D. Pa. Dec. 31, 1992). The eight factors to be considered in Jones Act and maritime jurisdictional disputes are the: (1) law of the flag; (2) shipowner's base of operations; (3) allegiance of the defendant shipowner; (4) inaccessibility of a foreign forum; (5) place of the wrongful act; (6) place of the employment contract; (7) allegiance or domicile of the injured party; and (8) law of the forum. Id. at *3. We conclude that the district court erred when it found that these factors indicated that the United States was the appropriate forum for this lawsuit. We will address each of these factors seriatim.


1. Law of the Flag

The nationality of the vessel's flag is the single most important factor in the Jones Act jurisdictional equation.  The Supreme Court stated in Lauritzen that "the most venerable and universal rule of maritime law relevant to our problem is that which gives cardinal importance to the law of the flag."  345 U.S. at 584, 73 S. Ct. at 929.  With respect to this factor, the district court found that "the diving vessel flies the flag of St. Lucia."  Neely, 1992 WL 398378, at *3.  Neely maintains that there was no evidence presented before or during trial to establish that the vessel Long John actually flies the flag of St. Lucia.  However, the defendants point out that the finding of the district court was based on the pre-trial declaration of vessel owner, Joseph LeMaire, which was submitted in support of his successful motion to dismiss the third-party complaint against him.  LeMaire stated that the Long John is registered in St. Lucia, and his sworn declaration has not been contradicted.

Defendants argue that registration of a vessel in a particular country is equivalent to "flagging" the vessel.  Although no authority explicitly states that registration and flagging a vessel are one and the same, there is authority which indicates that "[a] ship navigating the seas may sail only under the flag of the nation in which it is registered . . . ."  1 Thomas J. Schoenbaum, Admiralty and Maritime Law § 2-21, at 46 n.1 (2d ed. 1994)(citation omitted).  Thus, since the Long John was registered in St. Lucia, it was required to fly a St. Lucian flag.

Neely argues that registration is not the same as flagging because a shipowner could register a vessel for a variety of purposes, such as obtaining a docking permit. However, no country may place its flag on a ship that is already registered in another country, except pursuant to a transfer of registration, id. at 46, and no proof of such transfer of registration has been offered by the plaintiff. The substance of Neely's argument concerning the law of the flag factor is that the shipowner was flying a flag of convenience -- the occasional practice of some American shipowners to sail under the flag of another country whose shipping laws and registry requirements are not as stringent as the United States. However, at no time during the proceedings did Neely offer any evidence to prove that the Long John was merely flying a flag of convenience. Nor did Neely offer any evidence to indicate that the registration of the Long John in St. Lucia was only for docking or other limited purposes.

Because the plaintiff bears the burden of proving subject matter jurisdiction, it would even be insufficient if she proved that the Long John was not flying a St. Lucian flag. The plaintiff still has the additional hurdle of proving that the vessel was flying an American flag in order for this factor to weigh in favor of subject matter jurisdiction in the district court. Since the only evidence pertaining to law of the flag adduced in the district court indicates that the vessel was a St. Lucian flagged vessel, we conclude this factor weighs heavily

against finding subject matter jurisdiction in the district court.

## 2. Shipowner's Base of Operations

Neely argues that the base of operations is that of LeMaire, the shipowner. Evidence in the record indicates that LeMaire's part-time residence in the United States is Miami, Florida. Defendants contend that base of operations means the base of operations of the particular vessel, which is clearly St. Lucia. The district court, looking at the base of operations of the owner, concluded that this factor was unclear, and favors neither the United States nor St. Lucia as the appropriate forum for this dispute.

Even assuming arguendo that plaintiff's definition of base of operations, i.e. as that of the shipowner, is correct, we find that this factor weighs against finding subject matter jurisdiction in the district court. Plaintiff argues and the record supports the conclusion that Holiday Village chartered this vessel from the actual shipowner in a manner consistent with a bareboat or demise charter.[2] A "bareboat" charter or "demise" charter exists whenever the:

vessel is chartered or "leased" to another
who takes possession, custody and control of
the vessel. The master is hired and paid by
the charterer and becomes the agent and

[2]. Appellant/Cross-Appellee's Reply/Answering Brief at 40-47.

representative of the charterer. The operating expenses of the vessel, such as wages, fuel, subsistence, wharfage charges, etc., are paid by the charterer. The owner surrenders entire control and possession of the vessel and subsequent control over its navigation to the bareboat charterer, who becomes the owner pro hac vice.

2 Martin J. Norris, The Law of Seamen § 30:14, at 372 (4th ed. 1985). Thus, by contracting a demise charter with the actual shipowner, Holiday Village became the owner pro hac vice of the Long John. Since we look to Holiday Village (a St. Lucian corporation), rather than LeMaire of Miami, as the owner of the vessel, we hold that this factor also weighs against finding subject matter jurisdiction in the district court.

## 3. Allegiance of the Defendant Shipowner

The district court made no definitive finding as to the allegiance of the defendant shipowner. The only finding of the district court was that, "Mr. LeMaire is neither a citizen of St. Lucia, [n]or the United States, but lives in Miami, Florida. He claims to have dual citizenship in Canada and Guadeloupe." Neely, 1992 WL 398378, at *3. Additionally, in his declaration, LeMaire stated that he currently resides in both Florida and Guadeloupe. On the facts of this case, the allegiance or domicile of the actual shipowner is not relevant, since the Long John was the subject of a demise charter to Holiday Village. As

we related above, Holiday Village is the owner pro hac vice of the vessel. The allegiance or domicile of Holiday Village is St. Lucia. This factor also weighs against finding subject matter jurisdiction in the district court, and points to St. Lucia as the appropriate forum.

Alternatively, even assuming arguendo that we look to LeMaire rather than Holiday Village as the defendant shipowner, we note that he is both a citizen and resident of Guadeloupe. However, he is only a resident of the United States. Therefore, we conclude that LeMaire owes his allegiance to Guadeloupe and this factor weighs against finding jurisdiction in the district court.

4. Inaccessibility of a Foreign Forum

Plaintiff puts forth the argument that St. Lucia is an inaccessible forum because she is in no financial position to travel to St. Lucia, hire St. Lucia counsel, and pursue an action against the defendants in the St. Lucian courts. Additionally, she claims that St. Lucia is an inconvenient forum.

Similar to Neely, in Rodriguez, the plaintiff argued that a foreign forum was not convenient to him because his physicians and medical records were in the United States and because he had retained American counsel who would not represent him in Colombia. Rodriguez v. Flota Mercante Grancolombiana, S.A., 703 F.2d 1069, 1075 n.3 (9th Cir.), cert. denied, 464 U.S. 820, 104 S. Ct. 84 (1983). The Court of Appeals for the Ninth Circuit in rejecting the plaintiff's argument stated that:

> Convenience of the witnesses and attorney are not factors cited by the Court in Lauritzen and Rhoditis as determinators of the Jones Act jurisdiction. Although these factors "might be a persuasive argument for exercising a discretionary jurisdiction to adjudge a controversy . . . it is not persuasive as to the law by which it shall be judged." Lauritzen, 345 U.S. at 589-90, 73 S.Ct. at 931-932. Thus, the costs and loss of time entailed in deposing the medical witnesses and sending the records and the American attorney to . . . [a foreign forum] while relevant to the issue of forum non conveniens are not relevant factors in determining whether Jones Act jurisdiction is present.

Rodriguez, 703 F.2d at 1075 n.3.

We agree with the Court of Appeals for the Ninth Circuit that the Supreme Court in Lauritzen did not intend the "inaccessibility of a foreign forum" factor to require a forum non conveniens analysis. The Supreme Court in Lauritzen rejected the argument "that justice requires adjudication under American law to save seamen the expense and loss of time in returning to a foreign forum." 345 U.S. at 589, 73 S. Ct. at 932. Lauritzen indicates that inaccessibility of the forum and forum non conveniens are two separate and distinct matters. Therefore, discounting any claim of inconvenience by Neely in bringing this suit in a foreign forum, it is not clear why a forum in St. Lucia would be inappropriate. Neely has offered no credible evidence to indicate that St. Lucia will not entertain such a suit or that there are other barriers to her being heard in that jurisdiction. Since plaintiff bears the burden of proof on this issue, this

factor weighs against finding subject matter jurisdiction in the district court.

5.  Place of the Wrongful Act

Although this issue was disputed prior to trial, plaintiff now concedes that the accident took place within two hundred meters of the St. Lucian shoreline.  This factor, therefore, favors jurisdiction in St. Lucia rather than the United States.  However, Neely contends that this factor is accorded little weight because of the fortuity of the sailing vessel being in the particular place where the accident occurred. Indeed, in Lauritzen, the Supreme Court stated that, "[t]he test of location of the wrongful act or omission, however sufficient for torts ashore, is of limited application to shipboard torts, because of the varieties of legal authority over waters she may navigate."  Lauritzen, 345 U.S. at 583, 73 S. Ct. at 929.

Normally, the place of accident might well be fortuitous.  Here, however, the vessel was chartered by Holiday Village to be used specifically by diving parties in and around St. Lucia.  St. Lucia has set its territorial waters at a breath of 12 nautical miles.  6B Benedict on Admiralty Doc. 10-3A, at 10-62, 10-62.2 (Frank L. Wiswall, Jr., ed., 6th ed. 1994). Rarely if ever during its demise charter did the Long John leave the territorial waters of St. Lucia.  It is true that the vessel had the capability of traveling vast distances, and even worldwide.  However, when analyzing whether the location of the accident in St. Lucian waters was fortuitous, it becomes clear

that if the vessel never left the territorial waters, then an accident in St. Lucian waters was not simply fortuitous. In fact, anyone sailing aboard the Long John, whether as crew or otherwise, would reasonably conclude (as occurred in this case), that any accident would occur in the territorial waters of St. Lucia. This factor weighs against finding subject matter jurisdiction in the district court and points instead to St. Lucia as the proper forum.

6. Place of Employment Contract

The district court made a factual finding that the oral employment contract entered into between Club Med and Neely, by virtue of a phone call from Club Med's offices in New York to Neely's residence in Pennsylvania, was situated in Pennsylvania. Neely, 1992 WL 398378, at *4. Defendants do not challenge the district court's finding as clearly erroneous, but instead argue that the factor should be given diminished weight since the employment services were to be performed outside the United States. The Supreme Court in Lauritzen has explained that, "[t]he place of contracting in this instance, as is usual to such contracts, was fortuitous . . . . We do not think the place of contract is a substantial influence in the choice between competing laws to govern a maritime tort." Lauritzen, 345 U.S. at 588-89, 73 S. Ct. at 931-32. Thus, although this factor points to subject matter jurisdiction in the district court, it will be accorded little weight in our analysis.

## 7.  Allegiance or Domicile of the Injured Party

Plaintiff Neely is a United States citizen who lived permanently in Pennsylvania until she was hired by Club Med.  She returned immediately to the United States for medical attention and rehabilitation after the accident.  Thus, this factor favors jurisdiction in the United States.

## 8.  Law of the Forum

The district court found that this factor did not weigh in favor of either the United States or St. Lucia.  Neely, 1992 WL 398378, at *4.  Neither party contends on appeal that this factor strongly supports one jurisdiction over another, and we cannot say as a matter of law that the district court committed error.  As such, we conclude that this factor is neutral and does not point to either the district court or to some other court as the proper forum for this dispute.

### III.  Conclusion

Based on the totality of these eight factors, we conclude that the district court erred in exercising subject matter jurisdiction in this suit.  Plaintiff Neely has failed to prove that substantial links with the United States exist:  (1) the law of the flag, the most important factor, does not point to the United States, but rather to St. Lucia; (2) the shipowner's base of operations because of the demise charter clearly indicates that St. Lucia is the appropriate forum; (3) the

allegiance of the defendant shipowner points to St. Lucia; (4) there is no indication that a St. Lucian court is inaccessible to the plaintiff; and (5) the wrongful act occurred in St. Lucian territorial waters.  The only factors that weigh in favor of jurisdiction in a United States court are: (1) the plaintiff is a citizen of the United States; and (2) the place of the employment contract was the United States.  However, the latter factor receives less weight because of the fortuity of the place of contracting.  The law of the forum is a neutral factor.

After carefully balancing these factors, we conclude that subject matter jurisdiction does not exist in the district court to entertain this lawsuit.  We will remand this case to the district court with directions to dismiss this action for lack of subject matter jurisdiction.  Each party is to bear its own costs on the appeal and the cross-appeal.