**UNITED STATES of America, Plaintiff,**

v.

**Nilda O. SOSA, Defendant/Third–Party Plaintiff–Appellee,**

v.

**LAKESIDE BANK, Defendant/Third–Party Defendant–Appellant.**

No. 95–1322.

United States Court of Appeals, Seventh Circuit.

Submitted April 21, 1995.

Decided May 18, 1995.

Thomas P. Walsh, Asst. U.S. Atty., Civ. Div., Chicago, IL, for U.S.

Rick M. Schoenfield, Daniel Swartzman, Kimberlee Massin, Schoenfield & Swartzman, Chicago, IL, for Nilda O. Sosa.

Garry L. Smith, Michael T. Reynolds, John J. Turner, Patrick C. Turner, Chicago, IL, for Lakeside Bank.

Before POSNER, Chief Judge, and COFFEY and MANION, Circuit Judges.

PER CURIAM.

After two extensions of time had been granted, the appellant's brief was due on

April 19, 1995. It—or at least something pretending to be a brief—was filed that day. The "brief," though it carries the names of three lawyers, is a very sorry affair indeed. It is three and a half pages long. The first page is a statement of jurisdiction. The second page (half a page long) is a statement of the issues presented. Pages 3 and 4 consist of a statement of the case. So far, so good. The problem is that the brief ends at the end of page 4. There is no statement of facts. There is no statement of the standard of review. There is no summary of argument. There is no argument. There is no conclusion, hence no request for relief. There is no attorney's signature. It is not a brief. It is a fragment of a brief. The appellee has moved to strike the appellant's "brief."

■ Before the amendment in 1994 of Rule 25 of the Federal Rules of Appellate Procedure, which now (in Rule 25(a)) forbids clerks' offices to refuse to accept documents filed with them, the practice of our clerk's office when a noncomplying brief was filed was to reject it. If the lawyer had filed the brief on the last day for filing, he would have to file a motion for an extension of time in order to be allowed to file his revised, conforming brief at all. Modern rules governing appellate briefs are complex, see Fed. R.App.P. 32, and it is easy to slip up and violate one or more of them. When this happened, an extension of time, if necessary to enable the lawyer to file a corrected brief on time, would be freely granted. The amendment required a change in the procedure of the clerk's office. No longer permitted to reject a nonconforming brief, the office has adopted the practice of routinely mailing a "deficiency notice" to filers of nonconforming briefs, directing them to file a corrected brief within seven days. That was done here. It was done in error. The presupposition of the practice is that what the lawyer filed originally, though deficient, was a "brief." If it was not, then it did not toll the time for filing. The appellant's brief was due on April 19. The document filed that day though called a brief was not a brief, as it was missing the essential elements. Any conforming brief the appellant's lawyer filed later would be untimely, unless he obtained an extension of time, which—having received two extensions already—he has not done.

We fear lest the new procedure, necessitated by the amendment to the rule, has encouraged some lawyers practicing in this court to believe that they can get an automatic seven-day extension for filing a brief simply by filing the first few pages of their brief, confident that they have seven days to complete and file it. Our fear is reinforced by the appellant's response to the motion to strike his brief. In it the appellant's lawyer "affirms to the Court that he labored 'not too wisely, but too well' [sic] on the pre-preparation phases of the briefing, and to such an extent that when it came time to fully complete the brief he literally ran out of time at the 12th [sic] hour—and had no alternative but to stop the typing where it stood and to at least get the issues, the material portion of the case statement, and the particularly significant/non-mandatory appendix items on file." We are not happy with this response, and not only or mainly because the "conforming" brief that the appellant's lawyer filed within seven days was only one and a half pages longer than the fragment. We admire brevity; but to compress the statement of facts, the summary of argument, the argument, and the conclusion into so small a space makes us wonder whether the appeal is serious. Two extensions of time plus seven days should not have been required for so meager, so perfunctory, a product of the lawyer's art.

■ An appellant's failure to file a timely appeal brief is grounds for dismissing the appeal, Fed.R.App.P. 31(c); *Stotler & Co. v. Able*, 837 F.2d 1425, 1427 (7th Cir.1988); *Pearce v. Sullivan*, 871 F.2d 61, 64 (7th Cir.1989), and we hereby order the appellant to show cause within fourteen days from the date of this order why the appeal should not be dismissed on that ground. 7th Cir.R. 31(c)(2).

■ We are publishing this opinion in order to dispel any belief that the new procedure of the clerk's office is tantamount to the grant of an automatic seven-day extension for filing briefs. Parties to litigation in this court will not be permitted to obtain an

automatic seven-day extension of time for filing briefs by filing a document that pretends to be a brief, hoping that we will allow the real brief to be filed seven days later.

RULE TO SHOW CAUSE ISSUED.