**Yolanda VARGAS, et al., Plaintiffs–Appellants,**

v.

**BORG–WARNER AUTOMOTIVE DIVERSIFIED TRANSMISSION PRODUCTS, INC., et al., Defendants–Appellees.**

No. 00–3701.

United States Court of Appeals, Seventh Circuit.

Submitted July 25, 2001.[*]

Decided July 31, 2001.

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FLAUM, Chief Judge, EASTERBROOK, KANNE, Circuit Judges.

## ORDER

■ Yolanda Vargas and several other employees of Borg–Warner Automotive Diversified Transmission Products, Inc., sued Borg–Warner, fellow Borg–Warner employees Dr. Larry Cole and Charles Blankenbaker, the employees' union, United Auto Workers Local 287 ("Local 287"), and the president of Local 287, Jon Hines, alleging that they had been discriminated against in violation of Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act of 1990, and 42 U.S.C. § 1981. The district court granted summary judgment to the defendants. Vargas appealed *pro se*[1], and we affirm.

■ At the outset we make a preliminary observation about our review of the facts of this case. As the district court noted, Vargas did not comply with S.D. Ind. Local Rule 56.1 when she failed to cite evidence in support of her Statement of Genuine Issues responding to the defendants' specific assertions of undisputed material facts. Regarding those unsupported statements, we—as did the district court—accept the defendants' factual assertions that were properly supported with

1. Although this appeal was brought purportedly on behalf of Vargas, Samuel Miles, Gloria Scott, Tony Henry and Rochelle Perkins, only Vargas has properly presented arguments to this court. All of the appellants signed the notice of appeal, but the appellants' brief was signed only by Vargas, proceeding *pro se*. A *pro se* litigant, however, may not proceed on behalf of anyone other than herself. *Lewis v. Lenc–Smith Mfg. Co.,* 784 F.2d 829, 830 (7th Cir.1986); *McCall v. Pataki,* 232 F.3d 321, 322 (2d Cir.2000). Since only Vargas signed the appellants' brief, we may consider only her arguments. Because Samuel Miles, Gloria Scott, Tony Henry and Rochelle Perkins failed to properly submit their own briefs, we dismiss their appeals for want of prosecution. *See United States v. Sosa,* 55 F.3d 278, 279 (7th Cir.1995).

evidence. *See Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921–23 (7th Cir.1994). The record shows that Vargas, an African American, was hired as a gear cutter in 1986 by Borg–Warner, which in Muncie, Indiana manufactures parts for automobile transmissions. Vargas and her fellow production employees are represented by Local 287. During her employment (which continues to this day), Vargas has held five different jobs, ranging from gear cutter to forklift driver. In 1996 she expressed interest to her union steward in becoming Group Leader for her department, although she never mentioned this interest to her supervisor or anyone else at Borg–Warner. At that time, Vargas's department did not have a Group Leader. Several months later, a panel consisting of the department foreman, union steward and department employees selected a white employee for the Group Leader position.

Vargas also claimed that she was disciplined differently from white employees. She asserted essentially that, unlike one white employee who was never called into the supervisor's office for absentee problems, she was called to her supervisor's office "numerous times" to discuss her alleged absenteeism.

On April 21, 1997, Vargas filed two identical charges of discrimination with the EEOC. The EEOC issued right-to-sue letters, and Vargas filed this case in the district court in May 1998 against Borg–Warner, Dr. Cole, Local 287, and Hines. In July 1998 several other Borg–Warner employees filed a separate suit in the Southern District of Indiana against the same defendants (with the addition of Blankenbaker) alleging that they had also been discriminated against. The district court consolidated the cases for all purposes. Borg–Warner, Dr. Cole, Blankenbaker, Local 287, and Hines filed motions for summary judgment on Vargas's claims.

The district court granted the motions. With respect to Vargas, the district court concluded that she had failed to set forth any prima facie case of race or disability discrimination.

■ Vargas's appellate brief contains minimal analysis and raises only vague arguments challenging the district court's order. In addition, the brief lacks citations to authority and the record in violation of Fed. R.App. 28(a)(9). Nevertheless, because Vargas is *pro se* we will proceed as best we can to the merits. First, Vargas seems to argue that the district court erred in finding that Borg–Warner's failure to promote her to Group Leader was not discriminatory. As the district court correctly concluded, however, Vargas did not present a prima facie case of discrimination because she failed to prove that she applied for the Group Leader position, or that the position was even open. *See Howard v. Lear Corp. EEDS and Interiors,* 234 F.3d 1002, 1006 (7th Cir.2000).

■ Vargas also argues that the district court erred in rejecting her claim that the company discriminated against her in disciplinary matters. Specifically, she contends that the court improperly found that she was not disciplined differently from white employees for attendance problems. But she failed to prove her prima facie case on that claim as well because she failed to establish that any adverse employment action was taken against her. *See Simpson v. Borg–Warner Automotive, Inc.,* 196 F.3d 873, 876 (7th Cir.1999).

For the foregoing reasons, we AFFIRM with respect to Yolanda Vargas and DISMISS the appeals of Samuel Miles, Gloria Scott, Tony Henry and Rochelle Perkins.