**Dennis E. JONES–EL et al.,
Plaintiffs–Appellants,**

v.

**S.E. GRADY et al., Defendants–
Appellees.**

No. 02–2406.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 21, 2002.*

Decided Dec. 16, 2002.

Before FAIRCHILD, EVANS, and
WILLIAMS, Circuit Judges.

ORDER

A Wisconsin law, on the books for a dozen years but amended several times, directs the Wisconsin Department of Corrections (DOC) to provide a "challenge incarceration program for inmates" who meet certain criteria. Wis. Stat. § 302.045. In a nutshell, the law allows certain inmates, selected by the department, to participate in a strenuous program of exercise, manual labor, substance abuse treatment, military-like drill, and counseling in exchange for a shorter sentence. The program, commonly called "boot camp," is aimed at youthful offenders (those under 30) with substance abuse problems. The appellants in this case, Dennis E. Jones–El and Rufus Lynch,[1] are

---

* The appellees notified this court that they were never served with process in the district court and would not be participating in this appeal, which has been submitted without a brief from them. After examining the appel- lants' brief and the record, we have conclud- ed that oral argument is unnecessary. *See* Fed. R.App. P. 34(a)(2).

1. Although this appeal purportedly is brought on behalf of Jones–El, Lynch, and Raymond

prison inmates serving time for armed robbery convictions. They brought this suit under 42 U.S.C. § 1983 against Tommy Thompson, Wisconsin's former governor, and several DOC officials, claiming they were illegally excluded from the program.

The appellants claim their exclusion from the program was based on their race (black) and status (the DOC lists them as "violent offenders") in violation of substantive due process and equal protection. They allege that the named defendants directly violated their rights and conspired to violate them contrary to law. The district court, sensing that the case was meritless, denied the appellants an opportunity to proceed *in forma pauperis* and dismissed their complaint pursuant to the court's gatekeeping responsibilities under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. We affirm.

In 1994, allegedly at the direction of former Governor Thompson, the DOC directed that "violent offenders" be excluded from the boot camp program. Inmates convicted of armed robbery, as the appellants in this case were, are classified as violent offenders. Thus, they are excluded from the program. Obviously, the defendants had a rational basis for treating violent offenders differently from other prisoners who were otherwise eligible to participate in the boot camp program and get out of prison faster than they would ordinarily see the light of day. And because "violent offenders" are not a suspect class, *see Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir.1994), the DOC's decision to exclude them from participating in the boot camp program does not amount to a violation of rights because it bears a rational relationship to a legitimate penal purpose. *See Martinez v. Flowers*, 164 F.3d 1257, 1261 (10th Cir.1998); *Wottlin v. Fleming*, 136 F.3d 1032, 1036–37 (5th Cir. 1998) (per curiam). So it follows that because the appellants were not denied their right to be considered for the program in light of their "violent offenders" status, they have no standing to claim that they were excluded from the program for any other reason, including their race.

If the boot camp program was accepting only white armed robbers or only white "violent offenders" but excluding black armed robbers or other black "violent offenders," our appellants would have a case. But as alleged in their complaint, Judge Crabb in the district court was correct to brand this case as frivolous under her gatekeeping responsibilities. Accordingly, we DISMISS the appeal of Raymond Massie X for want of prosecution, and AFFIRM the judgment of the district court with respect to Jones–El and Lynch.

---

Massie X, another plaintiff, only the appeals of Jones–El and Lynch are properly before this court. While all three appellants signed the notice of appeal, only Jones–El and Lynch signed the brief filed in this court. Because *pro se* litigants may not proceed on anyone else's behalf, *see Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir.1986); *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir.2000), and because Massey X has not submitted his own brief, we accordingly dismiss his appeal for want of prosecution. *See United States v. Sosa*, 55 F.3d 278, 279 (7th Cir.1995). An additional plaintiff, Floyd Morgan, was deemed to have opted out of the suit by the district court, and he did not appeal.