825 F.2d 516
 263 U.S.App.D.C. 379
 HBZ COMMUNICATIONS, INC., Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee,
First Class Communications, Ltd., Intervenor.
Heather H. STENGEL, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents.
CANNON COMMUNICATIONS CORPORATION, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee,
First Class Communications, Ltd., Intervenor.
 Nos. 86-1347, 86-1349, 86-1357.
 United States Court of Appeals,
District of Columbia Circuit.
 Aug. 11, 1987.
 
 Notices of Appeal and Petition for Review of Orders of the Federal Communications Commission.
 Donald P. Zeifang and Tom W. Davidson, Washington, D.C., were on appellants' motion for remand and the opposition to intervenor's motion to dismiss.
 Donald E. Ward and Eric S. Kravetz, Washington, D.C., were on intervenor's motion to dismiss and the opposition to appellants' motion for remand.
 Daniel M. Armstrong, Associate Gen. Counsel and John P. Greenspan, Counsel, F.C.C., Washington, D.C., were on appellee's opposition to motion for remand.
 Richard G. Sander, Denver, Colo., was on petitioner's joinder in motion for remand.
 Before STARR and SILBERMAN, Circuit Judges, and McGOWAN, Senior Circuit Judge.
 Opinion Per Curiam.
 
 
 1
 PER CURIAM.
 
 
 2
 In this appeal, appellants challenge a decision of the Federal Communications Commission (the "Commission") awarding a construction permit for a new FM broadcast station in Massachusetts to intervenor First Class Communications, Ltd. Subsequent to receiving the permit, First Class Communications filed a second application with the Commission, apparently to correct minor errors in the geographic coordinates of the transmitter site. It is this second application which has spawned the flurry of motions currently before us.
 
 
 3
 This court originally had ordered appellants to file their briefs on September 1, 1986. Then, on August 22, 1986, appellants moved for an extension of time to file their briefs. This court granted that motion and revised the briefing schedule to allow appellants to file their briefs on October 1, 1986. On that day, without seeking any further extension, appellants failed to file their briefs, and filed instead a Motion for Remand.
 
 
 4
 After careful review, we find the Motion for Remand to be entirely without merit. As to the part of appellants' original Motion for Remand in which appellants requested remand so that the Commission could review First Class Communications' second--and then as yet undecided--application, we dismiss the motion as moot because the Commission has already granted the application. We deny both (1) the other part of the original Motion for Remand in which appellants requested remand so that the Commission could reconsider its original award to First Class Communications in light of the issues raised in the second application; and (2) the part of the supplement to the Motion for Remand in which appellants requested remand with instructions to the Commission to reconsider its grant of First Class Communications' second application in light of the evidence presented in appellants' October 27, 1986 reply filed in this court. Both arguments more properly should have been raised in appellants' briefs.
 
 
 5
 Under these circumstances, where an extension of time to file the briefs was previously granted, and no request for a further extension was filed, we could dismiss the appeal entirely. Nelson v. The S.S. City of Lille, 252 F.2d 289, 290 (4th Cir.1958); Maghan v. Young, 154 F.2d 13 (D.C.Cir.1946) (per curiam); Fed.R.App.P. 31(c); D.C.Cir. Handbook of Practice and Internal Procedures 44 (1987). However, acknowledging the possibility that the bar might have been led to believe that we would not view that type of failure to comply with the court's rules as sufficiently serious to warrant dismissal, we refrain from doing so in this instance. In the future, however, we will not hesitate to dismiss an appeal under similar circumstances.
 
 
 6
 It is so ordered.