**Charles BARBER, Appellant,**

v.

**AMERICAN SECURITY BANK.**

No. 87–7045.

United States Court of Appeals,
District of Columbia Circuit.

March 22, 1988.

---

Before ROBINSON, RUTH BADER GINSBURG and WILLIAMS, Circuit Judges.

## ON APPELLEE'S MOTION TO DISMISS APPEAL

Opinion PER CURIAM.

PER CURIAM:

Charles Barber, a former employee of the American Security Bank ("Bank"), appeals from a district court decision granting summary judgment to the Bank, 655 F.Supp. 775. The district court held that Barber's section 1981 and Title VII claims [1] for discriminatory discharge were barred by issue preclusion in view of the findings of the District of Columbia Appeals and Review Board (for unemployment compensation).

The Bank has moved to dismiss the appeal because Barber did not file his brief on time and failed properly to seek leave to file a motion for an extension of time in which to file the brief. The Bank asserts, furthermore, that the reasons Barber's counsel gave for failing to comply with the rules of this court do not constitute "extraordinary and compelling circumstances." *See* D.C.Cir.Rule 11(f)(1) (1987). We agree and order the appeal dismissed.

### I.

On July 23, 1987, the court established a briefing schedule ordering submission of Barber's brief and appendix on September 1, 1987, but Barber did not file his brief on that date. Instead, it appears that Barber attempted to file a motion for enlargement of time on September 1. The clerk's office stamped his submission only "received," not "filed," because Barber had failed simultaneously to seek leave to file the motion for enlargement. The date on the certificate of service appended to the en-largement of time motion is August 31, 1987, but as the Bank points out, the postmark on the envelope is September 2 and opposing counsel's first contact with the Bank regarding the enlargement of time motion was on that same afternoon. *See* Bank's Motion to Dismiss at 4. At that time, the Bank indicated that it would oppose Barber's motion. *Id.*, Attached Affidavit at 2.

On September 4, Barber filed a motion for leave to file a motion for enlargement of time in which to file his brief.[2] On September 8, the Bank opposed the motion for enlargement of time and moved to dismiss Barber's appeal. Finally, on September 9, Barber filed his brief and appendix.

### II.

Counsel for Barber asserts that at the time he received the court's scheduling order he was "engaged in assuming the case load of his associated [sic] W. Edward Thompson, Esquire who was involved in a near fatal automobile accident on Sunday, July 26, 1987, one day before the receipt of [this court's July 23] Order." Barber's Motion for Leave to File a Motion for Enlargement of Time at 2.

In its motion to dismiss, the Bank informs the court that counsel for Barber related to the Bank that one reason for not filing the brief on time was that in August counsel attended the American Bar Association annual meeting in California. *See* Bank's Motion to Dismiss at 5. As the Bank notes, counsel's attendance at the ABA meeting undercuts his assertion that his associate's accident demonstrated extraordinary or compelling circumstances that would justify his failure to file on time a motion for leave to file. *Id.* at 5–6. Indeed, counsel's attendance at the meeting (Barber does not contest this assertion) raises serious questions about his good faith in dealing with this court. *Cf. Community Coalition for Media Change v.*

---

1. 42 U.S.C. § 1981 (1982) and 42 U.S.C. §§ 2000e *et seq.* (1982).

2. There is some confusion as to how much additional time Barber requested: in his motion for leave to file, Barber requested until September 9 and in his motion for enlargement of time, he requested until October 1.

*FCC,* 646 F.2d 613, 616 (D.C.Cir.1980) (per curiam) ("Unless [an] application for extended time is made so that it may be considered before the allotted time has expired, it is evidence of a lack of good faith and, failing extraordinary circumstances, it constitutes neglect which will not be excused.") (quoting *Gilroy v. Erie Lackawanna Railroad Co.,* 421 F.2d 1321, 1323 (2d Cir.1970)).

Moreover, the filing of a simple motion for leave to file and a motion for enlargement of time cannot reasonably be considered a heavy burden even if counsel was at that time saddled with an additional caseload in the wake of his associate's accident. *See United States v. Raimondi,* 760 F.2d 460, 462 (2d Cir.1985) ("good cause shall not be deemed to exist unless the movant avers something more than the normal (or even the reasonably anticipated but abnormal) vicissitudes inherent in the practice of law"). Here, counsel for Barber had sufficient time (from July 26, the day of the accident, until August 22, the last day under D.C.Cir.Rule 11(f)(2) (1987)), to rearrange his schedule so that he could file the necessary motion. Instead, he waited until the day after his brief was due to seek the consent of opposing counsel.

Counsel asserts that he was unaware of the "new" court rule which requires that a motion to extend the filing time of a brief must be filed at least ten days before the main briefs are due. This assertion is without merit given that both the old and new rules contain this same requirement. *See* D.C.Cir.Rule 8(h)(1) (as amended 1986); D.C.Cir.Rule 11(f)(2) (1987).

Because Barber failed to respond to the Bank's motion to dismiss, this court issued an order to show cause why the motion to dismiss should not be considered without a response. In the response to this order, counsel stated that "during, and before, the month of September, 1987, counsel for appellant suffered a serious sickness disability and continues to suffer such sick disability and remains under the doctor's care taking heavy medication." Barber's Response to the Order to Show Cause, at 2. In support of this statement, counsel attached a letter from his doctor stating that counsel had been under medical care since September 30 and that "[counsel] is presently unable to fulfill his obligations as an attorney until further notice at my request." *Id.,* Attachment.

While the doctor's statement raises serious questions about counsel's actions since September 30, it does not adequately address counsel's failure to file an appropriate motion in August. Nor does it explain why counsel failed to provide this reason when he originally attempted to file a motion for enlargement of time on September 1. Furthermore, whatever the disability from which counsel may have been suffering, obviously it did not prevent him from attempting to file the September 1 motion, from filing for leave to file a motion for enlargement of time on September 4, or from filing Barber's brief on September 9.

Counsel also asserts that during the time period in question he was involved in two other lawsuits involving "complex litigation." He does not tell the court, however, just what work he performed in relation to these lawsuits nor does he explain how he could have been medically able to perform his professional obligations in those cases, yet medically unable to file a simple motion in this case.[3]

---

3. The Bank also correctly observes that counsel failed to adhere to Federal Rule of Appellate Procedure 30(b), which encourages parties to an appeal to agree on the contents of the appendix appellant must file. In the absence of an agreement, appellant must serve on the appellee, not later than ten days after the date on which the record is filed, a designation of the parts of the record appellant intends to include in the appendix. Here, counsel never contacted the Bank, nor did he serve on the Bank any designation of parts of the record. The Bank was therefore forced to file a motion to supplement the appendix in order to provide the court with certain items not included in Barber's appendix.

In addition, the Bank correctly contends that Barber's brief:
(a) does not contain a Table of Contents pursuant to Federal Rule of Appellate Procedure ("Rule") 28(a)(1);
(b) does not contain a statement of facts pursuant to Rule 28(a)(3);
(c) does not contain a certificate of parties, *amici,* rulings under review and related cases pursuant to D.C.Cir.Rule 11(a)(1);

### III.

The Bank asserts that under *HBZ Communications, Inc. v. Federal Communications Commission,* 825 F.2d 516 (D.C.Cir. 1987), counsel's failure to comply with this court's rules is sufficiently serious to warrant dismissal of the appeal. In *HBZ*, appellant failed to file its brief on the date ordered by the court or to seek an extension of time to do so. Instead, appellant filed a motion to remand the case. While this court did not dismiss that appeal, it warned that in the future it would not hesitate to dismiss an appeal for failure to comply with the court's rules regarding the timely filing of briefs. *Id.* at 518.

In the instant case, counsel's failure to file a brief on time, his failure to file a motion for an extension ten days prior to the date his brief was due, his failure to seek leave to file his time enlargement motion late, and the clearly inadequate grounds he eventually offered for the late filings, warrant dismissal as forewarned in *HBZ*. That *HBZ* is not identical is no reason for the court to refrain from dismissal.

Counsel's failure to file his brief on time and his failure to file the proper motions evidence inexcusable disregard for the rules of this court and thus warrant dismissal. *See* D.C.Cir.Rule 11(f)(2) & (3); *see also* D.C.Cir.Rule 11(a)(1) & (3) and Fed.R. App.P. 28(a)(1); Fed.R.App.P. 30(a)(1) & 30(b) (counsel failed to adhere to those briefing rules as well). In addition, counsel for appellant has utterly failed to establish "extraordinary and compelling circumstances" for his failure to comply with the rules of this court. *See* D.C.Cir.Rule 11(f)(1). We hold that counsel's noncompliance with the rules, taken in conjunction with his inadequate explanations for the late filings, indicate an egregious disregard of the court's processes comparable to the situation presented in *HBZ*. Accordingly, we dismiss the appeal.

---

(d) does not contain a section setting forth pertinent statutes and regulations pursuant to D.C.Cir.Rule 11(a)(3);

and Barber's appendix does not contain a section setting forth the relevant docket entries in the proceeding below as required by Rule 30(a)(1).