v.

**John ASHCROFT et al., Defendants.**

**Civil Action No. 01–0948(RMU).**

United States District Court, District of Columbia.

May 5, 2003.

Kelechukwu Chidi Onyejekwe, Washington, DC, for Plaintiff.

## *MEMORANDUM ORDER*

URBINA, District Judge.

DENYING THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; ORDERING THE PLAINTIFF TO ASSERT HER INTENT TO PROSECUTE THIS ACTION WITH A DIFFERENT ATTORNEY

The plaintiff, a citizen of Nigeria, filed this action to challenge the Immigration and Naturalization Service's denial of her application for authorization to work in the United States. This matter comes before the court on the court's order to show cause why the court should not dismiss the action for failure to prosecute, the plaintiff's response to that order, and the plaintiff's motion for entry of default judgment. Because of the plaintiff's repeated failure to prosecute her case and failure to comply with the court's orders, the federal rules, and the local rules; the court reluctantly permits the plaintiff to proceed by asserting her intent to prosecute this action with a different attorney and denies the motion for default judgment without prejudice.

## I. BACKGROUND

On May 2, 2001, the plaintiff filed the complaint in this matter. On April 25, 2002, because the plaintiff had failed to properly serve the defendants, the court ordered the plaintiff to show cause why the case should not be dismissed for failure to prosecute. Order dated Apr. 25, 2002. The order specifically mentioned the plaintiff's failure to

serve the defendants. *Id.* In response, the plaintiff moved for an extension of time to serve the defendants with an amended complaint. The court granted this motion and the plaintiff served the defendants on June 24 and 26, 2002. Order dated May 30, 2002. In its May 2002 order, the court also denied without prejudice the plaintiff's motion to proceed using a pseudonym because the motion failed to demonstrate good cause for the relief requested and failed to provide points and authorities as required by Local Civil Rule 7.1(a). *Id.* Finally, the court also warned the plaintiff that **"parties practicing before this court MUST strictly follow the Local Civil Rules, the Federal Rules of Civil Procedure, and this court's Civil Standing Order."** *Id.* (emphasis in original).

The record reflects that the defendants have not filed an answer or otherwise responded to the plaintiff's complaint. Despite the defendants' omissions, the plaintiff failed to move her case forward. Consequently, the court again directed the plaintiff to show cause why the court should not dismiss this action for failure to prosecute. Order dated Oct. 3, 2002. In this order, the court mentioned specifically the plaintiff's failure to file for default. *Id.* On October 10, 2002, the plaintiff filed a response to the second show-cause order and a motion for default judgment.

## II. ANALYSIS

A court has the discretion to dismiss a complaint with prejudice when a plaintiff fails to prosecute the complaint, fails to follow the federal rules, or fails to follow court orders. Fed.R.Civ.P. 41(b); LCvR 83.23. While dismissal with prejudice may be an unduly severe sanction for a single instance of attorney misconduct, it may be appropriate "after unfruitful resort to lesser sanctions." *Gardner v. United States*, 211 F.3d 1305, 1308–09 (D.C.Cir.2000); *see also Barber v. Am. Sec. Bank*, 841 F.2d 1159, 1162 (D.C.Cir.1988) (dismissing appeal due to counsel's "inexcusable disregard for the rules of [the] court" and inadequate explanation for late filings). In the context of Rule 41(b), the D.C. Circuit has enumerated three justifications for dismissal with prejudice because

of attorney misconduct: (1) severe prejudice to another party; (2) failure of alternative sanctions to mitigate the severe burden that the misconduct has already placed on the judicial system; and (3) the need to sanction conduct that demonstrates a blatant disregard for the court's orders in order to deter future misconduct. *Gardner*, 211 F.3d at 1309; *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1074–1079 (D.C.Cir.1986).

 The third rationale, deterrence, justifies dismissals when there is some indication that the attorney has deliberately failed to comply with a court order, and the client is aware of the attorney's misconduct. *Shea*, 795 F.2d at 1077–78. Concerned that a client might be unaware of the attorney's misconduct, this circuit requires a district court to notify the client before dismissing a case pursuant to the deterrence rationale. *Id.* One alternative sanction is "dismissal of the suit unless new counsel is secured." *Id.* at 1079 n. 6.

 Applying the second and third rationales to the facts of the case at bar, the court orders the plaintiff to assert her intent to prosecute her case with a new counsel. If the plaintiff fails to convince the court, the court will dismiss the action.

In the court's show-cause order, the court prompted the plaintiff by suggesting that she was failing to prosecute her case because even though the docket reflects no answer or motion by the defendants, the plaintiff failed to request default. Order dated Oct. 3, 2002. Demonstrating some effort to respond to the court's show-cause order, the plaintiff filed a motion for default judgment. Mot. for Default J. However, the plaintiff's response to the court's October 2002 show-cause order fails to provide any explanation for the plaintiff's continued failure to move her case forward without the prompting of the court. Resp. to Show Cause Order at 1–2.

In addition, despite the court's previous warnings regarding the court's standing order, the federal rules, and the local rules (specifically Local Civil Rule 7.1(a)), the plaintiff filed yet another deficient motion. Mot. for Default J.; Order dated May 30, 2002. The court denies the motion for the following reasons. First, the plaintiff's memorandum of points and authorities in support of her motion for default judgment is three lines, and reads as follows:

1. Federal Rules of Civil Procedure 12 & 55

2. The Record herein

3. The Inherent Powers of this Court

Mem. in Support of Mot. for Default J. at 1. These three lines of text do not demonstrate points of law that support the plaintiff's request for a default judgment against the United States, requiring the United States, *inter alia,* to issue employment authorization documents to the plaintiff. *See* LCvR 7.1(a); Fed.R.Civ.P. 55(e). The plaintiff fails to acknowledge or attempt to satisfy Federal Rule of Civil Procedure 55(e), which prohibits courts from entering default judgments against the United States or officers or agencies thereof unless the claimant, by evidence satisfactory to the court, establishes a right to relief. Second, the plaintiff failed to first obtain an entry of default from the clerk of the court pursuant to Federal Rule of Civil Procedure 55(a). *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). Third, by failing to follow the default procedures and failing to provide an analysis of the relevant law and facts, the plaintiff's motion for default judgment directly violates the court's directive that the plaintiff adhere to the federal and local rules. Order dated May 30, 2002; *see* LCvR 7.1(a); Fed.R.Civ.P. 55(a),(b),(e). The motion for default judgment fails to demonstrate an intent to prosecute the case, as ordered by the court on October 3, 2002, because the inadequacy of the motion renders it useless. Order dated Oct. 3, 2002. The plaintiff's counsel's misconduct satisfies the third rational for dismissal, deterrence of future misconduct, because he continues to fail to move the case forward and fail to obey rules of law. *Gardner*, 211 F.3d at 1309; *Shea*, 795 F.2d at 1074–1079.

The second rationale for dismissal is also applicable here because the plaintiff's failure to adequately prosecute this case, failure to follow this court's orders, and failure to follow rules of law have required the court to issue three orders and this memorandum order to essentially teach the plaintiff how to

proceed with this action. *Gardner*, 211 F.3d at 1309; *Shea*, 795 F.2d at 1074–1079. For example, the plaintiff failed to address the defendants' failure to respond to the complaint until the court issued a show-cause order mentioning the option of default. Order dated Oct. 3, 2002. Consequently, the plaintiff has improperly burdened this court and required this court to divert its attention from other litigants. *Gardner*, 211 F.3d at 1309.

Because the facts of this case satisfy both the second and third rationales for dismissal, the court considers dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 83.23. *Gardner*, 211 F.3d at 1309. Recognizing the D.C. Circuit's concern about the possibility of penalizing an innocent client for her counsel's misconduct, the court gives the plaintiff an opportunity to rectify this situation and demonstrate her interest in the case. *Shea*, 795 F.2d at 1079. If the plaintiff can convince the court that she is innocent of her counsel's misconduct and intends to prosecute this case with the assistance of a different attorney (or *pro se*, if she is unable to obtain a new attorney), then the court will not dismiss the action for the reasons discussed above. *Shea*, 795 F.2d at 1079 n. 6. If the plaintiff fails to convince the court, then the court will dismiss the case.

Accordingly, it is this ___ day of May, 2003,

**ORDERED** that the motion for default judgment is **DENIED without prejudice;** and it is

**FURTHER ORDERED** that this case will be dismissed without prejudice on May 30, 2003 unless the plaintiff, before that date, asserts that she intends to prosecute this case with the assistance of a different attorney (or *pro se*, if she is unable to obtain a new attorney).

**SO ORDERED.**