Steven M. SPIEGEL, Plaintiff,

v.

Michael LEAVITT, Administrator, United States Environmental Protection Agency, Defendant.

Steven M. Spiegel, Plaintiff,

v.

Michael Leavitt, Administrator, United States Environmental Protection Agency, Defendant.

Steven M. Spiegel, Plaintiff,

v.

United States Environmental Protection Agency, et al., Defendants.

Nos. CIV.A.01–2195PLF/DAR, CIV.A.02–2546PLF/DAR, CIV.A.03–1928PLF/DAR.

United States District Court, District of Columbia.

Sept. 14, 2004.

18

Bruce J. Terris, Terris, Pravlik & Millian, LLP, Washington, DC, Robert A. Swick, Steven M. Spiegel, William Steven Paleos, Paleos & Brinton, PLC, Alexandria, VA, for Plaintiff.

Robert E. Leidenheimer, Jr., Scott Sutherland Harris, Lydia Kay Griggsby, Office of the United States Attorney, Lead Attorney, Washington, DC, for Defendants.

### *ORDER*

DEBORAH ANN ROBINSON, United States Magistrate Judge.

Defendant's Motion to Dismiss as a Sanction for Plaintiff's Additional Violations of the Court's October 23, 2003 Discovery Order and for Plaintiff's Lack of Prosecution (Docket No. 106) is pending for determination.[1] Upon consideration of Defendant's motion to dismiss as a discovery sanction and for failure to prosecute; Plaintiff's opposition thereto (Docket No. 109); Defendant's reply (Docket No. 111) and the entire record herein, Defendant's motion will be denied.[2]

**DISCUSSION**

The undersigned has previously summarized the protracted course of the litigation in these three consolidated actions, and because the chronology of events relevant to

the determination of the instant motion is largely undisputed, that chronology will not be included here. At issue in Defendant's motion is the import of the procedural history: Defendant submits that Plaintiff's conduct warrants dismissal, both as a sanction for Plaintiff's violation of the undersigned's October 23, 2003 order directing the course of further discovery, and for Plaintiff's failure "[to take] reasonable steps to pursue his case[.]" Defendant's Memorandum of Points and Authorities at 1–2; Plaintiff denies the allegations, submits that Defendant has "manufacture[d] controversies" for the purpose of impeding the consideration of the merits of these cases. Plaintiff's Opposition at 1.

### 1. *Conduct of Discovery*

Defendant acknowledges that the undersigned has already sanctioned Plaintiff for his failure to comply with orders regarding the conduct of discovery.[3] Defendant now seeks dismissal as a sanction for "other willful misconduct[,]" *i.e.*, Plaintiff's failure to comply with the provision of the undersigned's October 23, 2003 order directing him to serve complete responses to Defendant's interrogatories no later than November 7, 2003. Defendant's Memorandum at 1, 8. Defendant acknowledges that Plaintiff served "what purported to be his revised responses" on November 7, but maintains that the further responses "fail to convey any new information." *Id.* at 8. Defendant submits that he has been prejudiced by the "inadequate" interrogatory responses "by leaving us with insufficient information concerning [P]laintiff's claims" and unable "[to take] discovery of those individuals [P]laintiff may seek to call as witnesses." *Id.* at 11.

---

1. In an Order filed on December 18, 2003, the undersigned allowed Defendant until January 19, 2004 to file the instant motion. Defendant did not file the motion until January 20, 2004, and did not move for an enlargement of time in which to do so. While the court therefore may have discretion to strike the motion, the undersigned will not exercise this discretion to do so.

2. The undersigned finds that the disposition of the instant motion by the undersigned is not inconsistent with 28 U.S.C. § 636, Local Civil

Rule 72.3, or the November 3, 2003 Order of the trial court.

3. *See* December 12, 2003 Order (Docket No. 96) at 2–3 (striking Plaintiff's allegations concerning his physical and mental condition, and precluding him from introducing evidence concerning his physical and mental condition, as a sanction for his failure to execute releases). Plaintiff's motion for reconsideration of the December 12, 2003 Order is pending for determination by the trial court.

Plaintiff, in his opposition, submits that he "properly responded" to Defendant's interrogatories, and agrees to supplement his responses "when additional information comes available." Plaintiff's Opposition at 19–20.

Rule 37 of the Federal Rules of Civil Procedure provides, in pertinent part, that if a party "fails to obey an order to provide or permit discovery," the court "may make such orders in regard to the failure as are just[,]" including "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." FED. R. CIV. P. 37(b)(2). "The central requirement of Rule 37 is that 'any sanction must be just,' which requires in cases involving severe sanctions that the district court consider whether lesser sanctions would be more appropriate for the particular violation." *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C.Cir.1996) (quoting *Insurance Corp. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)); *see also Shea v. Donohoe Const. Co., Inc.*, 795 F.2d 1071, 1074 (D.C.Cir.1986) (" '[s]ince our system favors the disposition of cases on the merits, dismissal is a sanction of last resort to be applied only after less dire alternatives have been explored without success' or would obviously prove futile."). "In those cases where a court orders a dismissal or enters a default judgment, the disobedient party typically has engaged in a pattern of noncompliance with court orders so that no lesser sanction is warranted." *Flynn v. Thibodeaux Masonry, Inc.*, 311 F.Supp.2d 30, 36 (D.D.C.2004) (citing *Secs. & Exch. Comm'n v. Hollywood Trenz, Inc.*, 202 F.R.D. 3, 7 (D.D.C.2001)).

■ The undersigned cannot find that Plaintiff "has engaged in a pattern of noncompliance with court orders so that no lesser sanction is warranted." While the course of litigation in these consolidated actions has been marked by disputes regarding the conduct of discovery, the overwhelming majority of the requests for the intervention of the Court with respect to discovery and scheduling have been occasioned not by Plaintiff, but by Defendant.[4] Moreover, the undersigned finds that the sanction already imposed is the "more appropriate" sanction for Plaintiff's noncompliance with the undersigned's order directing further discovery, and is sufficient to prevent Defendant from suffering undue prejudice.[5] Accordingly, Defendant's motion to dismiss as a Rule 37 sanction will be denied.

### 2. Request for Dismissal Pursuant to FED. R. CIV. P. 41

■ Defendant suggests that his account of the procedural history of these consolidated actions demonstrates that "[P]laintiff has willfully failed to prosecute his action by failing to participate in good faith in the litigation process[,]" and that dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedural is warranted. Defendant's Memorandum at 11; see *id.* at 12–33. Again, the chronology is largely undisputed, and only the interpretation of the events is at issue. The parties' contentions mirror those offered with respect to Defendant's request for Rule 37 sanctions: Defendant submits that Plaintiff has "willful[ly] abuse[d] . . . the legal system[,]" while Plaintiff submits that it is Defendant who has impeded the progress of the litigation. *See* Plaintiff's Opposition at 24–38.

■ Rule 41 of the Federal Rules of Civil Procedure provides, in pertinent part, that

[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

FED. R. CIV. P. 41(b). The Circuit has held that "[a]s a rule, . . . dismissal is in order only when lesser sanctions would not serve

---

4. Defendant has filed seven motions for extension of time (*see* Docket Nos. 6, 30, 33, 36, 42, 45 and 58); joined with Plaintiff to request another extension of time (*see* Docket No. 17); sought a stay of discovery on two occasions (*see* Docket Nos. 40 and 81); and moved for "clarification" of an order set forth on the record in counsel's presence (*see* Docket No. 78). Apart from the joint motion for extension, Plaintiff has moved for an extension or modification of a scheduled event only five times (*see* Docket Nos. 9, 17, 43, 76 and 97).

5. *See* n. 3, *supra.*

the interests of justice." *Bristol Petroleum Corp. v. Harris,* 901 F.2d 165, 167 (D.C.Cir. 1990) (citation omitted). Accordingly, "[a] District Court may dismiss under Rule 41(b) 'only after less dire alternatives have been explored without success.'" *Gardner v. United States,* 211 F.3d 1305, 1308 (D.C.Cir. 2000) (citing *Trakas v. Quality Brands, Inc.,* 759 F.2d 185, 187 (D.C.Cir.1985)); *see also O–J–R v. Ashcroft,* 216 F.R.D. 150, 151 (D.D.C.2003). The Circuit has held that the considerations relevant to the determination of a Rule 41(a) motion include (1) the effect of a plaintiff's conduct on the court's docket; (2) whether the defendant has been prejudiced by the plaintiff's conduct, and (3) whether deterrence "is necessary to protect the integrity of the judicial system." *Bristol Petroleum Corp.,* 901 F.2d at 167. The Circuit has observed that

> [t]hese justifications are not easily met. Prejudice, for instance, must be "so severe[ ] as to make it unfair to require the other party to proceed with the case." ... Similarly, a malfeasant party places a severe burden on the judicial system if "the court [is required] to expend considerable judicial resources in the future in addition to those it has already wasted[.]"

*Gardner,* 211 F.3d at 1309 (citation omitted).

The undersigned finds that Defendant has failed to demonstrate any "lack of prosecution" by Plaintiff. The rationale for a Rule 41 dismissal for lack of prosecution is that a plaintiff has failed "[to] demonstrate [his] interest in the case[,]" *see, e.g., O–J–R,* 216 F.R.D. at 153; however, in a manner which can only be described as counter–intuitive, Defendant complains not of Plaintiff's neglect of these cases, but of his allegedly excessive attention to them. *See* Defendant's Memorandum at 12–28.[6] In addition, the undersigned finds that the grounds offered by Defendant as the basis of his Rule 41 motion

are largely the same discovery disputes already determined by the court, and that no further action with respect to these disputes is warranted.

## CONCLUSION

Except with respect to Defendant's contention regarding the sufficiency of Plaintiff's interrogatories, the disputes which form the basis of Defendant's Motion to Dismiss as a Sanction for Plaintiff's Additional Violations of the Court's October 23, 2003 Discovery Order and for Plaintiff's Lack of Prosecution have already been addressed by the court, and Defendant has failed to demonstrate that further sanctions are warranted under either Rule 37 or Rule 41 of the Federal Rules of Civil Procedure. It is, therefore,

**ORDERED** that Defendant's Motion to Dismiss as a Sanction for Plaintiff's Additional Violations of the Court's October 23, 2003 Discovery Order and for Plaintiff's Lack of Prosecution (Docket No. 106) is **DENIED.**

---

**6.** The only instance of seeming inattention by Plaintiff which Defendant addresses is Plaintiff's supposed failure to review the documents produced by Defendant in the Spring of 2003 during the course of discovery. Defendant's Memorandum at 20. However, Defendant offers no authority for the proposition that Plaintiff's failure to review the documents, even if established, constitutes "lack of prosecution" or "willful abuse of the legal system."

