# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 20-5088**

**September Term, 2020**

FILED ON: MAY 25, 2021

CENTER FOR BIOLOGICAL DIVERSITY,
APPELLANT

v.

DEBRA HAALAND, U.S. SECRETARY OF THE INTERIOR, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cv-02576)

Before: SRINIVASAN, *Chief Judge*, TATEL and RAO, *Circuit Judges*.

## J U D G M E N T

This appeal from a final order of the United States District Court for the District of Columbia granting the Fish and Wildlife Service's motion to dismiss was presented to the court and briefed and argued by counsel. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the following reasons, it is

**ORDERED** and **ADJUDGED** that the decision of the district court be affirmed.

The Center for Biological Diversity ("Center") filed a complaint against the Fish and Wildlife Service ("Service") for its failure to provide notice and comment on some of its guidelines, allegedly in violation of Section 4(h) of the Endangered Species Act ("ESA"). The district court dismissed the Center's complaint, holding that it lacked jurisdiction because the Center has suffered no injury in fact sufficient to confer standing. *See Ctr. for Biological Diversity v. Bernhardt*, 442 F. Supp. 3d 97 (D.D.C. 2020). We agree.

Under the ESA, the Service must decide whether to list a species as endangered or threatened "solely on the basis of the best scientific and commercial data available … after conducting a review of the status of the species." 16 U.S.C. § 1533(b)(1)(A). To compile the data required for its decisions, the Service creates species status assessments. The Service has also created a "Framework" that details how to prepare an assessment. Under Section 4(h) of the ESA,

1

the Service must put certain guidelines through notice and comment if they "insure that the purposes of this section are achieved efficiently and effectively." *Id*. § 1533(h). The Center asserted that the Service violated that Section by failing to put the Framework through notice and comment.

This court reviews de novo whether a party has standing. *See Defs. of Wildlife v. Perciasepe*, 714 F.3d 1317, 1323 (D.C. Cir. 2013). As the party invoking our jurisdiction, the Center has the burden to show that it has suffered an injury in fact, its injury is fairly traceable to the Service's action, and a favorable judicial decision is likely to redress the Center's injury. *See Bennett v. Spear*, 520 U.S. 154, 162 (1997). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up).

The Center argues that it has established an informational injury because the Service's failure to provide notice and comment on the Framework deprived it of information that Section 4(h) required the Service to disclose. The Center also contends that it has suffered a distinct organizational injury. Regardless of how the alleged harm is characterized, the Center has not suffered an injury in fact sufficient to establish standing.

The failure to provide for notice and comment on the Framework is a procedural injury that on its own does not confer standing. *See Sierra Club v. EPA*, 754 F.3d 995, 1002 (D.C. Cir. 2014). When alleging the deprivation of a procedure such as notice and comment, the complainant must demonstrate that it has also "suffered personal and particularized injury." *Int'l Bhd. of Teamsters v. Transp. Sec. Admin.*, 429 F.3d 1130, 1135 (D.C. Cir. 2005) (cleaned up). The "deprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient to create Article III standing." *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009); *accord Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). In other words, to confer standing "[a] procedural injury … must be tethered to some concrete interest adversely affected by the procedural deprivation." *WildEarth Guardians v. Jewell*, 738 F.3d 298, 305 (D.C. Cir. 2013).

Here the Center fails to demonstrate that it has suffered any harm beyond the denial of notice and comment. It does not allege that the failure to follow the procedures has resulted in any particular decision or action that has injured the Center. The closest it comes is mentioning the Rio Grande cutthroat trout as an example of when the Service developed a species status assessment, but it has not challenged the use of the Framework in that listing decision here. The Center's challenge to the forgone notice and comment is thus untethered to any particular proceeding or decision in which the Framework has been used. As the Supreme Court has explained, losing the ability to comment on agency action in the abstract is a procedural injury insufficient to confer standing. *See Summers*, 555 U.S. at 496–97; *Int'l Bhd. of Teamsters*, 429 F.3d at 1135 ("[T]he mere inability to comment effectively or fully, in and of itself, does not establish an actual injury[.]") (cleaned up).

The Center cannot change this conclusion by labeling its injury as informational. If a party could "simply reframe[] every procedural deprivation in terms of informational loss," it could make "an end run around the Supreme Court's procedural injury doctrine and render [the Court's] direction in *Summers* meaningless." *Wilderness Soc'y, Inc. v. Rey*, 622 F.3d 1251, 1260 (9th Cir. 2010).

2

In any event, the Center fails to demonstrate standing on the basis of an informational injury. Our test for informational injury requires a "plaintiff [to] show that (1) it has been deprived of information that, on its interpretation, a statute requires the government or a third party to disclose to it, and (2) it suffers, by being denied access to that information, the type of harm Congress sought to prevent by requiring disclosure." *Elec. Priv. Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*, 878 F.3d 371, 378 (D.C. Cir. 2017) (cleaned up). The Center cannot satisfy this test for a fundamental reason: it has not articulated a "sufficiently concrete and particularized informational injury." *Id.* (cleaned up); *see also Lujan*, 504 U.S. at 560 (explaining that Article III requires an injury in fact to be "concrete and particularized"). Although "[n]otice, of course, is a form of information," a statute providing for notice and comment is not "*tantamount* to a right to information." *Wilderness Soc'y*, 622 F.3d at 1259. And the Center has provided no explanation pinpointing what information it has lost from the absence of notice and comment on the Framework.[1] *Compare Friends of Animals v. Jewell*, 824 F.3d 1033, 1041–42 (D.C. Cir. 2016) (concluding that Section 10(c) of the ESA required the disclosure of information about the taking of three antelope species and therefore the deprivation of that information could inflict a concrete, particularized informational injury). The Center has thus not shown that it has suffered an informational injury.

The Center also maintains it has suffered a standalone organizational injury. Yet the Center did not purport to raise an organizational injury below separate from its informational injury, and it cannot mend the deficiencies of its asserted informational injury by repackaging that injury as organizational. To the extent the Center advances any other basis for organizational standing on appeal, those arguments are waived. *See Huron v. Cobert*, 809 F.3d 1274, 1280 (D.C. Cir. 2016) ("[I]t is not the province of an appellate court to hypothesize or speculate about the existence of an injury Plaintiff did not assert to the district court.") (cleaned up).

"[T]he requirement of injury in fact is a hard floor of Article III jurisdiction," *Summers*, 555 U.S. at 497, and the Center has not met its burden of demonstrating it. For the foregoing reasons, we affirm the district court's dismissal of the Center's complaint for lack of jurisdiction.

\* \* \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

---

[1] We need not assess whether the first clause of Section 4(h), which provides that the Service "shall … publish" guidelines in the Federal Register, amounts to a disclosure requirement independent of the notice and comment requirement. *See* 16 U.S.C. § 1533(h). The Center has identified only one document that the Service did not publish in the Federal Register—the Framework. Because the Center is now in possession of that document, the Center has not been deprived of that information for purposes of establishing standing.

3

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk